NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000734
14-AUG-2013
09:44 AM

NO. CAAP-11-0000734

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DJOMAR ROMUALDO ARIOS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(Case No. 1DTA-11-00601)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Djomar Romualdo Arios (Arios) appeals from the Notice of Entry of Judgment and/or Order, entered on September 27, 2011 in the District Court of the First Circuit, 'Ewa Division (District Court) in 1DTA-11-00601.[1]

On February 14, 2011, Arios was charged by written complaint with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2012).

On September 20, 2011, the court called two matters, Case Nos. 1DTA-11-00601 and 1DTI-11-0001838.  Arios was orally charged with OVUII, in violation of HRS § 291E-61(a)(1).  The State elected not to proceed with trial upon a charge of violating HRS § 291E-61(a)(3).  Arios was also orally charged with driving a motor vehicle 49 miles per hour in a

_____

[1]    The Honorable Lono Lee presided.

35 miles per hour zone, in violation of HRS § 291C-102(a)(1). Immediately after being charged, Arios moved to dismiss the OVUII charge for failing to state an essential fact, *mens rea*. The motion was denied, and after a trial, Arios was convicted of OVUII.[2]

On appeal, Arios contends that the OVUII charge was deficient for failing to allege the requisite *mens rea*. The State concedes that the OVUII charge failed to state the requisite *mens rea* as required by State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Arios's points of error as follows:

In Nesmith, the Supreme Court held that *mens rea* must be alleged in a charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation. Nesmith, 127 Hawai'i at 52-56, 276 P.3d at 621-25. Where the charge does not contain the requisite *mens rea*, Nesmith mandates dismissal without prejudice. State v. Gonzalez, 128 Hawai'i 314, 324, 288 P.3d 788, 798 (2012). As such, we need not address Arios's argument regarding the laser

_____

[2] In his Opening Brief, Arios also argues that evidence of a laser gun reading should have been suppressed. However, it appears Arios failed to appeal from his speeding infraction. Transcripts in the record on appeal indicate that Case No. 1DTI-11-0001838 was called and heard concurrently with 1DTA-11-00601. Contrary to Arios's claim, the record does not indicate that the cases were consolidated. The records for Case No. 1DTI-11-0001838 were not made part of the record on appeal. Arios's Notice of Appeal and Jurisdiction Statement fail to reference Case No. 1DTI-11-0001838 and there is no copy of the judgment on the speeding infraction attached to his Notice of Appeal or included in the record on appeal. Thus, there is no indication that Arios intended to appeal Case No. 1DTI-11-0001838, until his Opening Brief. As Arios failed to timely appeal the judgment in Case No. 1DTI-11-00001838, this court lacks jurisdiction to address any points of error relating to Case No. 1DTI-11-0001838.

speed reading to the extent it pertains to the OVUII charge.  <u>See</u> <u>Gonzalez</u>, 128 Hawai'i at 324, 288 P.3d at 798.

THEREFORE,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered on September 27, 2011 in the District Court of the First Circuit, 'Ewa Division in 1DTA-11-00601 is vacated and the case is remanded with instructions to dismiss the charge without prejudice.

DATED:  Honolulu, Hawai'i, August 14, 2013.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Sonja P. McCullen
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3